UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTEN CAFFYN,

    Plaintiff,

vs.                                            CASE NO.:

LIFETIME FAMILY URGENT
CARE LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff Kristen Caffyn, through her undersigned counsel, sues the Defendant Lifetime Family Urgent Care LLC, a Florida corporation, and states as follows.

## JURISDICTION AND VENUE

1. This is an action for damages and the Court has jurisdiction in accordance with 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this judicial district.

## PARTIES

3. At all times material herein, Plaintiff Kristen Caffyn ("Plaintiff") was a resident of Pasco County, Florida.

4. At all times material herein, Defendant Lifetime Family Urgent Care LLC (hereinafter "Lifetime" or "Defendant"), was and is a Florida limited liability company, authorized

to and doing business in Pasco County, Florida.

5. Defendant is an "employer," as defined by the laws under which this action is brought.

## FACTUAL ALLEGATIONS

6. Lifetime is a family and urgent care medical practice with two offices in Pasco County, one in Zephyrhills and one in Wesley Chapel. Dr. Jonathan Yousef, D.O., founded the company and serves at its physician.

7. Plaintiff began her employment with the Defendant as a Certified Medical Assistant on February 14, 2019 at its Wesley Chapel office. As the Certified Medical Assistant, Plaintiff reported directly to Dr. Yousef and Ms. Crystal Bond, the Office Manager.

8. During her employment, Plaintiff learned of troubling billing practices at Lifetime. For example, although Lifetime describes itself as an urgent care provider, it would bill all clients as though they had received primary care, which provides higher reimbursement rates. This was true even when the client sought and received urgent care.

9. Along those same lines, Lifetime routinely turned away Medicare and other patients in need of urgent care if that patients already had designated another primary care provider (because it could not bill those patients at the higher primary care rate).

10. Lifetime also routinely upcoded its charges to obtain additional reimbursement from Medicare and other insurers. For example, if the treating physician spent 15 minutes with a patient, Lifetime would bill the encounter for a 45-minute visit.

11. Lifetime also would bill Medicare under Dr. Youseff's name, even when he was not present and the services had in fact been provided by a mid-level provider.

12. In addition to these improper billing practices, Plaintiff also learned of and

complained about HIPAA violations. For example, Lifetime employees would routinely share patient information (i.e. pictures of insurance cards) through private cell phones, and would share patient information on social media sites like Facebook.

13.     Finally, Plaintiff complained of many dangerous medical practices, like using expired syringes, failing to properly log and track narcotic administration, and failing to have Narcan available in the event of a narcotics overdose.

14.     During her employment, Plaintiff raised these concerns to her office manager, Crystal Bond, and with the Lead Medical Assistant Roxanne Sampson. But Lifetime took no steps to address these issues.

15.     On February 25, 2020, Lifetime terminated Plaintiff's employment, shortly after she had again sought to address and improve Lifetime's billing and other practices.

## COUNT I
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT

16.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 15.

17.     This is an action for damages pursuant to Florida's Private Whistleblower's Act, Section 448.102, *Florida Statutes*.

18.     Pursuant to Section 448.102, *Florida Statutes,* an employer may not take any retaliatory personnel action against an employee because the employee has objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

19.     In contravention of said statute, Defendant discharged Plaintiff in direct retaliation for objecting to and/or refusing to participate in policies, practices and activities that were violations of laws, rules and regulations.

3

20. As a result of Defendant's unlawful acts as above-described, Plaintiff has and will continue to incur attorneys' fees, which are recoverable under Section 448.104, *Florida Statutes*.

**WHEREFORE,** Plaintiff demands judgment against the Defendant for all damages and relief available under the applicable law including compensation for lost wages, benefits, and other renumeration; interest; emotional pain and suffering, humiliation, and any other compensatory damages legally permitted; reinstatement, attorneys' fees, costs, expenses, and all other relief that this Court deems just and proper.

## COUNT II
## FALSE CLAIMS ACT WHISTLEBLOWER

21. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 15.

22. Plaintiff took many lawful actions to prevent Defendants from submitting false claims to the United States. Specifically, on several occasions Plaintiff objected to Defendant's violations of Medicare requirements that would have resulted in the submission of false claims.

23. Knowing of Plaintiff's complaints about these improper lending practices to federal loan programs, Defendant took retaliatory actions and terminated Plaintiff's employment.

**WHEREFORE,** Plaintiff demands judgment against the Defendant for all damages and relief available under the federal law including 2 times back pay; interest; reinstatement; all available compensatory damages, including those for emotional pain and suffering; attorneys' fees, costs, expenses; and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

24. Plaintiff Kristen Caffyn requests a jury trial on all issues so triable.

**DATED** May 12, 2020.

        **FLORIN, GRAY, BOUZAS, OWENS, LLC**

        **/s/Scott L. Terry**
        **SCOTT L. TERRY, ESQUIRE**
        Florida Bar No.: 77105
        Primary: sterry@fgbolaw.com
        Secondary: lindsay@fgbolaw.com
        **WOLFGANG M. FLORIN, ESQUIRE**
        Florida Bar No.907804
        Primary: wolfgang@fgbolaw.com
        16524 Pointe Village Drive, Suite 100
        Lutz, FL 33558
        Telephone (727) 254-5255
        Facsimile (727) 483-7942
        Attorneys for Plaintiff